**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **UMB BANK, N. A.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **MIDCON GATHERING, LLC;** ) | |
| **HAWKEYE EXPLORATION &** ) | |
| **PRODUCTION, LLC;** ) | |
| ) | |
| **and** ) | |
| ) | |
| **ADDITIONAL INDIVIDUALS OR** ) | |
| **ENTITIES, BOTH KNOWN** ) | |
| **AND UNKNOWN, THAT CLAIM AN** ) | |
| **INTEREST IN THE FUNDS** ) | |
| **(THE "UNKNOWN DEFENDANTS"),** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR INTERPLEADER

COMES NOW, Plaintiff UMB Bank, n.a. ("UMB") and, for its cause of action for interpleader and pursuant to 28 U.S.C. § 1335, states and alleges as follows:

## INTRODUCTION

UMB is in the business of loaning money—not refereeing customers' internal business disputes, particularly when those disputes contain allegations of fraud. This interpleader arises from the inevitable collapse of MidCon Gathering, LLC, accelerated by its warring ownership factions, leaving chaos in its wake. At this time, UMB is a neutral stakeholder holding residual funds after exercising its contractual rights to apply certain funds in MidCon's deposit account to repay loans owed by MidCon to UMB. Now confronted with multiple potential claimants on what remains in that account, and unwilling to guess at its peril as to who is entitled to receive

those funds, UMB asks this Court to accept UMB's deposit of the remaining funds to obtain a single, definitive determination of their proper disposition.

## THE PARTIES

1.     UMB is a national banking association with its principal place of business in Missouri. UMB is qualified to do business in the State of Texas.

2.     Defendant MidCon Gathering, LLC ("MidCon") is a Texas Limited Liability Company. MidCon may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Upon information and belief, MidCon is a wholly owned subsidiary of Hawkeye, and is therefore a citizen of the same states as Hawkeye (set forth below): Texas, Florida, and North Carolina.

3.     Defendant Hawkeye Exploration & Production, LLC ("Hawkeye") is a Texas limited liability company. Hawkeye may be served through its registered agent, Joseph Daches at 9509 Marbella Drive, Fort Worth, Texas 76126. Upon information and belief, membership interests in Hawkeye belong to ten entities: AKP Legacy, LLC, Phillips Financial Group, LLC, J&K Advertising of Destin, Inc., Phillips Capital, Inc., Roe Kids, LLC, Phillips Kids, LLC, Miramar Energy, LLC, Magnolia Family Investments, LLC, M&M Lakeside Properties, LLC, and N&S Interests, LLC. Upon information and belief, Hawkeye is a citizen of Texas, Florida, and North Carolina.

4.     Defendant Apexway Corp. is a Louisiana corporation with a principal place of business in Louisiana. Apexway can be served through its registered agent, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.[1]

---

[1] This satisfies the "minimal diversity" requirement for interpleader actions, such as this. As such, the principal place of business locations for the remaining defendants are not necessary for this Court to confirm its jurisdiction.

5.      Defendant 1845 TX Capital Investments LLC can be served through its registered agent, Daspree Sanchez, 3824 Bay Ct. Forth Worth, Texas 76179.

6.      Defendant 19th Hole Production, LLC can be served through its registered agent, James A. Dewhirst, 7940 FM 1960 East, Humble, Texas 77346.

7.      Defendant Adams Oil Production, LLC can be served through its registered agent, Curtis Adams, 8363 Chickamauga Circle RM Shreveport, Louisiana 71107.

8.      Defendant All Basin Crude LLC can be served through its registered agent, LegalInc Corporate Services, Inc., 100 S. First Street, Coahoma, Texas 79511.

9.      Defendant Alpha Petroleum Co. can be served through its registered agent, Javaid D. Chaudhri, Dr. Martin Luther King Jr. Blvd, Kansas City, Missouri 64130.

10.      Defendant Alt Production LLC can be served through its registered agent, Diversified Corporate Services Int'l, Inc., 815 Brazos, Suite 500, Austin, Texas 78701.

11.      Defendant APV Caddo Pine, LLC can be served through its registered agent, Cecelia Owens, 10200 Thornapple Road, Oil City, Louisianna 71061.

12.      Defendant Aqua Terra Water Management USA, LLC can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

13.      Defendant ARD Production, LLC can be served through its registered agent, James Tolbert, 757 Fir Wood Lane, Haughton, Louisiana 71037.

14.      Defendant ARK-LA-TEX Production, LLC can be served through its registered agent, Diversified Corporation Services, Int'l, Inc. 815 Brazos, Suite 500, Austin, Texas 78701.

15.      Defendant Atlantis Oil Company, Inc. can be served through its registered agent, Martin R. Bennett, 130 E. Corsicana, Suite 302, Athens, Texas 75751.

16.     Defendant Basa Resources, Inc. can be served through its registered agent, Michael Foster, Jr., 14875 Landmark Blvd, Fourth Floor, Dallas, Texas 75254.

17.     Defendant Bent Wing Energy, LLC 1 can be served through its registered agent, Capitol Corporate Services, Inc., 1501 S Mopac Expy Ste 220, Austin, Texas 78746.

18.     Defendant Bent Wing Energy, LLC 2 can be served through its registered agent, Capitol Corporate Services, Inc., 1501 S Mopac Expy Ste 220, Austin, Texas 78746.

19.     Defendant Bent Wing Energy Partners I, LLC can be served through its registered agent, John P. Atwood, 6159 Valley Forge Drive, Houston, Texas 77057.

20.     Defendant Bent Wing Energy, LLC can be served through its registered agent, Capitol Corporate Services, Inc., 1501 S Mopac Expy Ste 220, Austin, Texas 78746.

21.     Defendant BHB Oil, Inc. can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

22.     Defendant Black River Water Management Company, LLC can be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas.

23.     Defendant BML, Inc. can be served through its registered agent, Gregory P. Berry, 4841 Hill Street, Abilene, Texas 79602.

24.     Defendant BNR Production Partners, LLC can be served through its registered agent, Spencer Bradbury, 7415 Belcher Oil City Road, Belcher, Louisiana 71004.

25.     Defendant Bridwell Oil can be served through its registered agent, Jim Diehl, 233 La Rue France, Lafayette, Louisiana 70508.

26.     Defendant Calumet Refining, LLC can be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

27.     Defendant Centennial Energy, LLC can be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

28.     Defendant CHK Oil, LLC can be served through its registered agent, James B. Humphrey, Jr., 4439 W 12th, Houston, Texas 77055.

29.     Defendant Cimic Energy, LLC can be served through its registered agent, Adam Chuen, 19038 Buffalo Road, Ida, Louisiana 71044.

30.     Defendant Cokinos Energy, LLC can be served through its registered agent, Michael Cokinos, 5718 Westheimer, Suite 900, Houston, Texas 77057.

31.     Defendant Continuum Crude Logistics Services, LLC can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

32.     Defendant Corley Trust, LLC can be served through its registered agent, David Corley, 410 W. 6th Street, Smackover, Arkansas 71762.

33.     Defendant CPH Acquisition Vehicle I, LLC can be served through its registered agent, BNR Production Partners, LLC, 27 Great Jones Street, Ste PH6E, New York, New York, 10012.

34.     Defendant CWD Resources, LLC can be served through its registered agent, Michael Myers, 2578 Middleton Drive, Frisco, Texas 75033.

35.     Defendant D Tec Well Production, LLC can be served through its registered agent, Cecelia Owens, 10200 Thornapple Road, Oil City, Louisiana 71061.

36.     Defendant Delone Operating Company, LLC can be served through its registered agent, C T Corporation System, 3897 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

37.     Defendant Devlar Energy Marketing, LLC can be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

38.     Defendant Diamondback E&P, can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

39.     Defendant Double Down Consulting & Marketing, LLC can be served through its registered agent, United States Corporation Agents, Inc., 10601 Clarence Drive, Suite 250, Frisco, Texas 75033.

40.     Defendant Drachen Oil Company can be served through its registered agent, John J. Spencer, 1700 Encino Crest, San Antonio, Texas 78259.

41.     Defendant Endeavor Oil, LLC can be served through its registered agent, Philip J. Barber, 80 Benton Woods Court, The Woodlands, Texas 77382.

42.     Defendant Ensight IV Energy Management, LLC can be served through its registered agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

43.     Defendant ETX Oil Gathering LLC can be served through its registered agent, Capitol Corporate Services, Inc., 1501 S MoPac Expy Ste 220, Austin Texas 78746.

44.     Defendant EVX South Texas SWD, LLC can be served through its registered agent, Capitol Corporate Services, Inc., 1501 S MoPac Expy Ste 220, Austin Texas 78746.

45.     Defendant Firebird Marketing, LLC can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

46.     Defendant G & S Oil Company, Inc. can be served through its registered agent, Michael L. McDorman, 2140 Bagnell Dam Blvd., Suite 401, Lake Ozark, Missouri 65049.

47.     Defendant H & P Partnership can be served through its registered agent, H & P Partnership, LLC, 421 Harding Place, Nashville, Tennessee 37211.

48.     Defendant Harvest Oil can be served through its registered agent, Stanley J Pirtle, 913 West 10th Street, Cisco, Texas 76437.

49.     Defendant Harvey SWD, Ltd can be served through its registered agent, William D. Kemper, 2401 S. Willis, Ste 111, Abilene, Texas 79605.

50.     Defendant Hunt Oil Company can be served through its registered agent, Capitol Corporate Services, Inc., 1501 S Mopac Expy Ste 220, Austin, Texas 78746.

51.     Defendant Hydrocarbon EP, LLC can be served through its registered agent, Registered Agents, Inc., 201 Rue Beauregard, Suite 202, Lafayette, Louisiana 70508.

52.     Defendant Ironbloom Operating, LLC can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

53.     Defendant J Cooper Enterprises, Inc. can be served through its registered agent, Jimmie B. Cooper, 7501 S Raymond Lane, Monument, New Mexico 88265.

54.     Defendant Jade Operating USA, LLC can be served through its registered agent, United States Corporation Agents, Inc., 10601 Clarence Drive, Suite 250, Frisco, Texas 75033.

55.     Defendant Jar Operating LLC can be served through its registered agent, James Horne, 3426 Potomac Avenue, Apt. 2, Dallas, Texas 75205.

56.     Defendant JC Hoss can be served through its registered agent, Christopher Want, 6310 Self Road, Belcher, Louisiana 71004.

57.     Defendant Jennings Oil of Vivian, LLC can be served through its registered agent, Harold Jennings, 10106 Cross Creek Road, Vivian, Louisiana 71082.

58.     Defendant Kelly Bayou Production and/or Kelly Bayou Limited Partnership can be served at 22150 LA Hwy 1, North, Rodessa, Louisiana 71069.

59.     Defendant Lafitte Oil Production Co. LLC can be served through its registered agent, Christopher Lafitte, 15048 Caldwell Briggs Road, Vivian, Louisiana 71082.

60.     Defendant Leshen Energy USA can be served through its registered agent, Amber Chiles, 9120 Hosston Vivian Road, Vivian, Louisiana 71082.

61.     Defendant Lodin, LLC can be served through its registered agent, Jason Wolla, 14672 Highway 2, Williston, North Dakota 58801.

62.     Defendant Lucky Strike Production LLC can be served through its registered agent, Robert Bryant, 3604 Addison Avenue, OFC, Shreveport, Louisiana 71107.

63.     Defendant Matador Production Co. can be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

64.     Defendant McCormick Production Co., Inc. can be served through its registered agent, Charles N McCormick, 2045 Pine Island Rd., Karnack, Texas 75661.

65.     Defendant McCurdy Oil Co. Inc. can be served through its registered agent, Benjamin O. Thompson, 6503 Middleham Place, Austin, Texas 78745.

66.     Defendant Mercuria Energy America, LLC can be served through its registered agent, C T Corporation System 4701 Cox Rd Ste 285, Glen Allen, Virginia 23060.

67.     Defendant Merit Energy Company can be served through its registered agent, Corporation Services Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

68.     Defendant Mike Oil, LLC can be served through its registered agent, Robert Michael Hill, 601 E Interstate 20, Colorado City, Texas 79512.

69.     Defendant Mills Resources Services, LLC can be served through its registered agent, Dustin Frank Mills, 660 Hwy 355 East, Hope, Arkansas 71801.

70.    Defendant Modern Commodities, Inc. can be served at 1201 Fannin Street, Suite 262, Houston, Texas 77002.

71.    Defendant Moonshine Energy, LLC can be served through its registered agent, Moonshine Energy Services, 3206 Ma Mar Avenue, Midland, Texas 79705.

72.    Defendant MV Purchasing, LLC can be served through its registered agent, Cogency Global, Inc., 2101 SW 21st Street, Topeka, Kansas 66604.

73.    Defendant Nexa Midstream, LLC can be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

74.    Defendant NGL Crude Logistics, LLC can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

75.    Defendant Oasis Transportation & Marketing Corp. can be served through its registered agent Capitol Corporate Services, Inc., 1501 S Mopac Expy Ste 220, Austin, Texas 78746.

76.    Defendant Osborn Heirs Company, Ltd. can be served through its registered agent, Charles Biedenharn Jr., 1250 NE Loop 410, Ste 630, San Antonio, Texas 78209.

77.    Defendant Permian Line Service, LLC can be served through its registered agent, Bridgette Curtis, 8800 N Bensing Road, Hobbs, New Mexico 88242

78.    Defendant Pharaoh Oil, LLC can be served through its registered agent, Stephen Tolbert, 1620 LA-HWY 115, Deville, Louisiana 71328.

79.    Defendant Pinto Red Gathering, LLC is can be served through its registered agent, Julian Hernandez, 1324 N Closner Blvd, Edinburg, Texas 78541.

80.    Defendant Production Waste Solutions, LLC can be served through its registered agent, Claire Y. Walsh, 315 S. Main, Perryton, Texas 79070.

81.    Defendant Proven Natural Resources, LLC can be served through its registered agent, Chance Smith, 574 VZ County Road 4108, Canton Texas 75103.

82.    Defendant Quatro Osos E&P, LLC can be served through its registered agent, Frank Falen, 300 E 18th Street, Cheyenne, Wyoming 82001.

83.    Defendant Red Eagle Solutions, Inc. can be served through its registered agent, Daniel Busby, 1910 B West 28th Street, Bryan, Texas 77803.

84.    Defendant Rice Operating Company can be served through its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Kent, Delaware 19904.

85.    Defendant Rim Operating, Inc. can be served through its registered agent, Robert L. Vesco, 5 Inverness Drive E, Englewood, Colorado 80112.

86.    Defendant Rio Energy International, Inc. can be served through its registered agent, Andrew Marlow, 5718 Westheimer 1806, Houston, Texas 77057.

87.    Defendant Roberson Trucking Company, Inc. can be served through its registered agent, Dewayne E Roberson, PO Box 212, Enka, North Carolina 28728.

88.    Defendant Roughneck, LLC can be served through its registered agent, Jayne Newell, 945 Sheridan Avenue, Shreveport, Louisiana 71104.

89.    Defendant Royal Petroleum Corp. can be served through its registered agent, Bonan Li, 273 Eagle Bend Way, Shreveport, Louisiana 71115.

90.    Defendant Sabalo II Energy, LLC can be served through its registered agent, Capitol Services, Inc., 108 Lakeland Avenue, Dover, Delaware 19901.

91.    Defendant San Mateo Stebbins Water Mngmnt, LLC can be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

92.    Defendant Sanford and Son Holdings, LLC can be served through its registered agent, Ryan A. Starnes, 5950 Berkshire Lane, Suite 200, Dallas, Texas 75225.

93.    Defendant SDG Services, LLC can be served through its registered agent, Kevin Tolbert, 10073 Ferry Lake Road, Oil City, Louisiana 71061.

94.    Defendant Shellrock Resources, LLC can be served through its registered agent, Registered Agents, Inc., 201 Rue Beauregard, Suite 202, Lafayette, Louisiana 70508.

95.    Defendant Silver Hill Energy Operating, LLC can be served through its registered agent, Capitol Services, Inc., 1675 South State Street, Suite B, Dover, Delaware 19901.

96.    Defendant Sixess Energy, LLC can be served through its registered agent, Shannon Stillwell, 4800 Trobaugh Blvd., Midland, Texas 79707.

97.    Defendant Spotted Hawk Development, LLC can be served through its registered agent, C T Corporation System, 7700 E Arapahoe Road, Suite 220, Centennial, Colorado 70112.

98.    Defendant Stable Energy, LLC can be served through its registered agent, Mignon Bryant, 3604 Addison Avenue, Shreveport, Louisiana 71107.

99.    Defendant Strawn Energy Services, LLC can be served through its registered agent, Jim R. Simpson, 1115 E Slaton Road, Lubbock, Texas 79404.

100.    Defendant Stroud Petroleum can be served through its registered agent, William Allen, III, 1400 Bank One Tower, 400 Texas Street, Shreveport, Louisiana 71101.

101.    Defendant Tejas Purchasing LLC can be served through its registered agent, Peter Salazar, 14459 Sunny Bend Way, Conroe, Texas 77303.

102.    Defendant Tejon Treating and Carbon Solutions, LLC can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

103.    Defendant Texas Oil Purchasing, LLC can be served through its registered agent, Paul Vinson, 192 Blue Diamond, Boerne, Texas 78006.

104.    Defendant Texon Midstream LLC can be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

105.    Defendant TMA Production, LLC can be served through its registered agent, James R.A. Horne, 7411 Belcher-Oil City Road, Belcher, Louisiana 71004.

106.    Defendant Transoil Marketing, LLC can be served through its registered agent, Richard Tauber, 9655 Katy Freeway, Suite 300, Houston, Texas 77024.

107.    Defendant Trio Production Co., Inc. can be served through its registered agent, Trio Production Co., Inc., 102 North College Street 811 Peoples NA, Tyler, Texas 75702.

108.    Defendant Trojan Oil Company, LLC can be served through its registered agent, Marcella Elaine Burnett, 4020 Lake Drive, San Angelo, Texas 76903.

109.    Defendant Troubadour Shipping & Logistics, LLC can be served through its registered agent, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

110.    Defendant W M Operating, Inc. can be served through its registered agent, Nathan Lamkin, 151 Curry Field Road, Stephens, Arkansas 71764.

111.    Defendant W. Harlan Beene can be served through its registered agent, W. Harlan Beene, III, 2301 Benton Road, Bossier City, Louisiana 71111.

112.    Defendant Washington Crossing Field Services, LLC can be served through its registered agent, Capitol Services, Inc., 1675 South State Street, Suite B, Dover, Kent, Delaware 19901.

113.    Defendant White Claw Crude LLC can be served through its registered agent, Capitol Corporate Services, Inc., 1501 S Mopac Expy Ste 220, Austin, Texas 78746.

114.    Defendant Williamson Pumping Service, Inc. can be served through its registered agent, Eldees Williamson, 1105 Honeysuckle Stamps, Arkansas, 71860.

115.    Defendant Woodland Hills Oil & Gas can be served through its registered agent, Sandra Hernandez, 313 Nautilus Avenue, Lakeway, Texas 78738.

116.    There may be additional individuals or entities that claim an interest in the Funds whose locations are unknown (the "Unknown Defendants").

## **JURISDICTION AND VENUE**

117.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335(a) as the amount in controversy exceeds $500 and there are at least two defendants of diverse citizenship claiming interest in the Remaining Funds (defined below). Specifically, Defendant Hawkeye, a citizen of Texas, Florida, and North Carolina, is diverse from Defendant Apexway Corp., a citizen of Louisiana. This satisfies the "minimal diversity" requirement for interpleader actions, such as this.

118.    Venue is proper in the Northern District of Dallas pursuant to 28 U.S.C. § 1397 and § 1391(b)(1), (c)(2), as one or more defendants reside in this district.

119.    Personal jurisdiction is proper over each defendant pursuant to 28 U.S.C. § 2361 as each can be found in the United States.

## GENERAL ALLEGATIONS

120.    MidCon is an independent energy infrastructure and marketing company that provides services for a wide range of products in the oil and gas supply chain.

121.    In 2022, Hawkeye acquired 100% of MidCon's equity. Upon information and belief, Hawkeye's membership interests are divided amongst Joseph Daches ("Daches") and various entities, which are in turn owned or represented by Rubert Phillips ("Phillips," together with Daches, the "Owners").

### *UMB'S LOANS TO MIDCON*

122.    On or about November 27, 2024, MidCon executed a Loan and Security Agreement (together with all amendments, restatements, modifications, or supplements, the "Loan Agreement") with UMB.

123.    Pursuant to the Loan Agreement, UMB made a revolving loan to MidCon in the original maximum principal amount of $10,000,000.00 ("Revolving Loan"), and a term loan to MidCon in the original principal amount of $8,500,000.00 (the "Term Loan," and collectively with the Revolving Loan, the "Loans").

124.    In connection with the Revolving Loan, MidCon executed a Revolving Note dated November 27, 2024, in the original principal amount of $10,000,000.00 (the "Revolving Note").

125.    In connection with the Term Loan, MidCon executed a Term Note dated November 27, 2024 in the original principal amount of $8,500,000.00 (the "Term Note," and collectively with the Revolving Note, the "Notes").

126.    In exchange for the Loans, Hawkeye executed a certain Continuing Unconditional Guaranty dated November 27, 2024 in favor of UMB (the "Guaranty"). In the Guaranty,

Hawkeye guaranteed the prompt payment in full of all of MidCon's obligations to UMB, including the Loans.

127.    On or about July 18, 2025, MidCon executed a First Amendment to Loan and Security Agreement (the "First Amendment"), amending the Loan Agreement.

128.    Pursuant to the First Amendment, UMB extended a Delayed Draw Term Loan ("DDT Loan") in the original principal amount of $5,000,000.00. The term "Loans," as used from hereon in, also includes the DDT Loan.

129.    In connection with the DDT Loan, MidCon executed a Delayed Draw Term Loan Note dated July 18, 2025 in the principal amount of $5,000,000.00 (the "DDT Loan Note"). The term "Notes," as used from hereon in, also includes the DDT Loan Note.

130.    As security for MidCon's obligations to UMB under the Loans and Notes, MidCon granted UMB a continuing and unconditional first priority security interest in and to any and all property of MidCon, whether then existing or thereinafter arising or acquired, as described more particularly in Section 6.1 of the Loan Agreement (the "Collateral").

131.    UMB properly perfected its security interest in all assets of MidCon and/or Hawkeye by, among other things:

    (a)    filing a certain UCC financing statement number 24-0063058482 with the Texas Secretary of State on December 2, 2024 for MidCon;

    (b)    filing a certain UCC financing statement number 24-0063058624 with the Texas Secretary of State on December 2, 2024 for Hawkeye (collectively, the "Financing Statements"); and

    (c)    having control of the Borrower's deposit account with UMB by maintaining the account.

True and accurate copies of the Financing Statements are attached hereto as **Exhibit A**.

### *MIDCON'S ACCOUNT WITH UMB*

132.     MidCon maintains a Demand Deposit Account with UMB ending in 8791 (the "DDA"). The authorized users of the DDA, as demonstrated on the signature cards, are: Joseph Daches, Danielle Daches, and Michael Morogiello. The DDA is governed by a Deposit Account Agreement attached hereto as **Exhibit B**. The Deposit Account Agreement provides as follows:

*[intentionally blank]*

---

**S.   Claims Against or Disputes Involving Your Account; Our Right to Refuse Transactions**

Under the provisions of applicable state laws, notice to the Bank of an adverse claim to a deposit account is not sufficient to cause the Bank to restrict the account or otherwise refuse to pay items drawn on the account unless and until: (1) the Bank is served with a restraining order, injunction, or other order issued by a court of proper jurisdiction in an action in which the adverse claimant and the person or persons entitled to the deposit account on the Bank's records are parties; or (2) the party making the claim supplies an indemnity that is sufficient, in the sole opinion of the Bank, to protect the Bank from all liability or loss. If we receive an adverse claim or competing claims to a deposit account and there is no applicable state statute regarding adverse or competing claims to deposit accounts, we may, at our discretion, do any of the following: restrict the account and deny access to it by all parties; close the account and attempt to return any deposited funds to the originating financial institution and/or attempt to send the funds to the owner or owners of the account, according to our records, at the statement mailing address; interplead the funds into an appropriate court; or hold the funds in the account pending resolution of the claim to our satisfaction.

We may refuse, freeze, reverse or delay any specific withdrawal, payment or transfer of funds to or from your account, or we may remove funds from your account to hold them pending investigation, including situations where: your account may be involved in any legal or administrative proceeding; we receive conflicting information or instructions regarding account ownership, control or activity; we suspect that you may be the victim of a fraud, scam or financial exploitation, even though you have authorized the transaction(s); or we suspect that any transaction may involve illegal activity or may be fraudulent.

You agree that we will not be responsible for damages for any of the actions described in this section that we take in good faith. If we interplead the funds into court because of an adverse claim or account dispute, we will be entitled to recover our attorneys' fees from you if we will have acted in good faith.

---

Pursuant to its loan documents and Deposit Account Agreement, UMB has a security interest in the DDA and that security interest was perfected by control.

133.     MidCon uses the DDA to both collect payments from account debtors and disperse payments to its creditors. It is industry custom that a substantial amount of collections are received and payments made on the twentieth day of each month.

### *MIDCON'S BUSINESS AND INTERNAL CHAOS*

134.     Over the past several years, and prior to UMB's involvement, the Owners concede they drew out approximately $11 million in equity from MidCon. Recently exacerbated

by the ongoing dispute between Phillips and Daches, MidCon has experienced various financial and business struggles over the past several years.

135.    MidCon's financial condition and growing internal disputes recently culminated in Phillips seeking a temporary restraining order against Daches and his wife in the 298th Judicial District of Texas ("TRO Action"). A true and accurate copy of the TRO Action is attached hereto as **Exhibit C**.

136.    In the TRO Action, Phillips lodges various attacks against Daches and his wife, including (among other things) that "Daches and his wife were serial swindlers," Daches "arbitrarily forc[ed] out MidCon's existing executives who refused to participate or facilitate his fraudulent schemes," and Daches "us[ed] the Company as a personal piggy bank for himself and his wife, [including] provid[ing] unauthorized employment benefits to his family members." Ex. C ¶¶ 25, 30, 48.

### *MIDCON'S DEFAULT AND CURRENT FINANCIAL STATUS WITH UMB*

137.    UMB generally became aware of an ownership dispute between Phillips and Daches in November, 2025. The dispute escalated in January 2026, with Phillips and Daches each separately communicating to UMB that the other had been removed from his respective position for cause.  The dispute culminated  in the TRO Action.

138.    In the TRO Action, Phillips alleges that he attempted to remove Daches as manager and Chief Operating Officer of Hawkeye and MidCon on January 20, 2026. Ex. C, ¶ 51. Phillips further alleges that Daches tried to remove Phillips as manager on January 21, 2026. Ex. C, ¶ 52. Phillips ultimately asserts that "[Hawkeye] is currently deadlocked, as the two Managers are unable to act jointly and the Majority Members have not approved Mr. Daches's unilateral

actions." Ex. C, ¶ 52. UMB was unaware of the severity of the internal mismanagement and chaos between and amongst the Owners and other MidCon employees until recently.

139.    At some point in 2025, MidCon also lost a major contract with Hess Corporation ("Hess"), a leading American independent energy company. Despite this loss resulting in an approximately $2.4 million dollar EBITDA loss to MidCon, MidCon did not notify UMB of this loss until December 2025.

140.    In fact, according to Phillips, "Mr. Daches actively concealed [the Hess losses]," even going so far as to circulate a "Shareholder Letter" representing MidCon has "maintained successful agreements with Hess over the last five years and would continue to do so." Ex. C ¶¶ 37-39.

141.    By letter dated January 21, 2026 ("Notice of Default), UMB notified MidCon and Hawkeye that certain events of default had occurred, and were continuing to occur, under the Loans (the "Specified Defaults"). A true and accurate copy of the Notice of Default is attached hereto as **Exhibit D.**

142.    The Specified Defaults at the time included:

(a)    MidCon's failure to comply with the Total Debt to EBITDA Ratio covenant set forth in Section 10.1 of the Loan Agreement for the fiscal quarters of MidCon's ending on each of March 31, 2025, June 30, 2025, and September 30, 2025.

(b)    MidCon's failure to provide accurate covenant compliance certificates and related financial statements for the fiscal quarters of Borrower ended on each of December 31, 2024, March 31, 2025, and June 30, 2025.

(c)    MidCon's draw under the DDT Loan Facility, in the amount of $500,000, exceeded 80% of the total cost of the Permitted Capex Project to which such draw related, in violation of Section 2.8(d)(i) of the Loan Agreement.

(d)    MidCon's failure to deliver a Borrowing Base Certificate for the calendar month ending December 31, 2025 no later than January 31, 2026, as required by Section 8.11 of the Loan Agreement.

     (e)     Multiple other instances of past due financial reporting.

     (f)     MidCon's failure to fully transition its banking relationship to Lender within the timeframe required by Section 8.26 of the Loan Agreement.

143.    The Notice of Default also expressly reserved UMB's right to "foreclose or otherwise realize on any or all of the Collateral and/or appropriate, set-off or apply to the payment of any or all of the Obligations, any or all of the Collateral." Ex. D at 2.

144.    On January 30, 2026, UMB reiterated to MidCon that MidCon was in continued default of the Loans and informed MidCon that UMB's position would not change unless and until: (1) there was a signed, written agreement memorializing changes acceptable to UMB, and (2) MidCon provided a field exam of MidCon, Hawkeye, and their respective assets, which UMB demanded on an expedited basis. A true and accurate copy of the January 30, 2026 Letter is attached hereto as **Exhibit E**.

145.    On February 8, 2026, UMB reiterated the known defaults and identified outstanding requested documents. Further, UMB requested the following items:

     (a)     A detailed explanation of the greater than $1,000,000 decline in EBITDA and materially lower Fixed Charge Coverage Ratio between the budget provided on January 21, 2026 and the updated budget on February 6, 2026.

     (b)     A detailed update on the timing and status of the collateral liquidation that UMB understood was to occur in March and that would pay down outstanding Revolving loans by at least $2,000,000.

     (c)     An updated rolling 13-week cash flow forecast.

     (d)     A detailed update on the timing and status of the dispute between Phillips and Daches, and Daches' dismissal as Chief Executive Officer.

     (e)     MidCon's structured proposal for the (i) resolution of the Existing Defaults and (ii) amendment and/or restructure of the Loan Documents.

A true and accurate copy of the February 8, 2026 Letter is attached hereto as **Exhibit F.**

146.    On Friday, February 13, 2026, MidCon sent UMB a proposal requesting that UMB simply waive all existing defaults and otherwise ease the various loan covenants without providing any substantive response to the issues and defaults raised by UMB.

147.    By letter dated Monday, February 16, 2026, UMB rejected the proposal and provided MidCon and Hawkeye a Notice of Acceleration and Demand for Payment ("Notice and Demand"). A true and accurate copy of the Notice and Demand is attached hereto as **Exhibit G**.

148.    In the Notice and Demand, UMB informed MidCon and Hawkeye that:

> **Due to the Specified Defaults and such other defaults that may exist under the Loan Documents, Lender hereby terminates any commitment to make Loans or issue Letters of Credit under the Loan Agreement, accelerates and declares the Obligations immediately due and payable, and demands payment of the Obligations**.

Ex. G at 1 (emphasis in original).

149.    As set forth in the Notice and Demand, as of February 16, 2026, the outstanding accrued and unpaid loan obligations included $15,387,690.83 in principal and an additional $43,529.27 in interest, for a total amount of $15,431,220.10.

150.    UMB also informed MidCon and Hawkeye that UMB "is entitled to immediately exercise its legal rights and remedies that are available under the terms of the [Loans] … including, without limitation, enforcing the Guaranty, taking immediate possession of the Collateral, *foreclosing on any Collateral, freezing Borrower's accounts with Lender, sending account debtor letters*, seeking the appointment of a receiver, or filing a lawsuit to enforce its rights against Borrower, Guarantor, or the Collateral." Ex. G at 2 (emphasis added).

151.    UMB then froze the DDA and sent account debtor letters to various MidCon customers pursuant to UCC 9-406.

152.    On February 19, 2026, unbeknownst to UMB, a hearing was scheduled in the TRO Action. Such hearing purportedly resulted in Daches's resignation from MidCon and

Phillips assuming its control. Since that time, the only contact from MidCon to UMB has been through Phillips.

153.    From February 17, 2026 through February 19, 2026, UMB engaged in discussions with MidCon's management initially controlled by Daches, then later by Phillips. No viable or acceptable solution was (or has been) proposed to UMB that would adequately protect its ability to recover the amounts owed to it.

154.    As of Friday, February 20, 2026, UMB has received $11,579,233.83 as part of its account receivables foreclosure. Further, on Monday, February 23, 2026, UMB foreclosed its security interest in the DDA Account in the amount of $4,076,539.22 leaving a remaining balance of $11,941,079.43 in the DDA, plus any other amounts that may come into the account after February 23, 2026 (the "Remaining Funds").

155.    As of the date of this Interpleader Complaint, the Loans from UMB have been fully repaid, and no amount is due and owing with respect to the Loans.

156.    Since sending out the account debtor letters, and amplified after February 20, 2026, UMB has received and continues to receive inquiries and demands for payment by various parties asserting priority in payment with respect to MidCon. UMB is at a significant information disadvantage and cannot determine whether and to what extent certain third parties have or may have viable claims to the Remaining Funds. Further, UMB believes that certain parties may assert greater priority in payment than other creditors with respect to the Remaining Funds including those parties asserting first purchaser lien rights.

157.    Pursuant to applicable law and the rights set forth in the Deposit Account Agreement, the DDA has remained frozen and UMB has promptly brought this interpleader action to determine the interests in the Remaining Funds.

## COUNT I – INTERPLEADER

158.    UMB incorporates, as if fully set forth herein, the preceding allegations.

159.    As the potential claims to Remaining Funds remain unclear, Defendants may claim certain funds should be paid to them.

160.    Defendants do, or may, assert multiple, conflicting claims to the right to receive payments from the DDA and out of the Remaining Funds.

161.    The claim to be interpleaded is the right to receive now and hereafter the Remaining Funds from the DDA.

162.    All of the claims of Defendants are made without UMB's collusion with any Defendant. UMB has not brought suit at the request of any Defendant, but has filed to avoid duplicative and unnecessary litigation.

163.    UMB has no knowledge or information sufficient to enable it to determine with safety the merits of the controversy in relation to the Remaining Funds or which will enable it to determine with safety as a matter of law which of the parties is entitled to the Remining Funds. The above claims to the Remaining Funds are conflicting and UMB is unable to determine which of the respective claims is valid, or who, if anyone, is entitled to the Funds, without risking double or multiple liability.

164.    Resolution of these claims may involve a determination of the liability of the creditors to MidCon or MidCon to one or more of the creditors, to which UMB has no knowledge and is not privy or responsible.

165.    With the exception of the recovery of its fees, costs, and attorneys' fees, including lien rights for such fees and expenses, UMB does not claim any interest in the Remaining Funds and it has at all times been willing to pay the Remaining Funds to such persons as should

lawfully be entitled to receive them and to whom UMB could safely and without hazard deliver them.

166.    UMB faces the threat of multiple and vexatious litigation and multiple liability on the Remaining Funds and it has no means other than the interpleader action to defend itself.

167.    UMB submits that it will deposit the Remaining Funds with the Court or to whomever is entitled to such payments, as directed by this Court.

168.    UMB has incurred, and will incur, costs and attorneys' fees in connection with these proceedings.

WHEREFORE, UMB respectfully requests that:

(a)    This Court enter an order requiring Defendants to interplead and litigate their competing claims to the above-described Account;

(b)    This Court enter an order authorizing and directing UMB to pay the Remaining Funds into the registry of the court;

(c)    This Court enter an order releasing UMB from all liability to all Defendants and any unknown parties with respect to the above-described Remaining Funds, and discharging it from this proceeding;

(d)    This Court enter an order restraining Defendants until further order from this Court from instituting or prosecuting any other proceeding in any court seeking in any manner to recover any Remaining Funds that are now in possession of UMB or any part of the sum or to recover from UMB any damages for failure of UMB to deliver the Funds to any Defendant;

(e)    This Court enter an order awarding UMB its fees, including its reasonable attorneys' fees, and authorizing and directing that UMB's fees and expenses incurred by UMB in this cause be paid out of the above-mentioned Funds; and

(f)     This Court enter an order awarding UMB such other and further relief as this Court deems just and proper.

Dated: February 23, 2026.                    Respectfully submitted,

                                             */s/ Jason P. Kathman*
                                             Jason P. Kathman
                                               Texas Bar No. 24070036
                                               jkathman@spencerfane.com
                                             R. Scott Seifert
                                               Texas Bar No. 24003860
                                               sseifert@spencerfane.com
                                             **SPENCER FANE LLP**
                                             5700 Granite Parkway, Suite 650
                                             Plano, Texas 75024
                                             (972) 324-0300 – Telephone
                                             (972) 324-0301 – Facsimile

                                             **ATTORNEYS FOR PLAINTIFF
                                             UMB BANK, N.A.**