## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UMB BANK, N.A.,** <br> *Plaintiff,* <br><br> **vs.** <br><br> **MIDCON GATHERING, LLC; HAWKEYE EXPLORATION & PRODUCTION, LLC;** <br><br> **And** <br><br> **ADDITIONAL INDIVIDUALS OR ENTITIES, BOTH KNOWN AND UNKNOWN, THAT CLAIM AN INTEREST IN THE FUNDS (THE "UNKNOWN DEFENDANTS"),** <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **Case No.   3:26-CV-00592** |

### DEFENDANT/CROSS-CLAIMANT FIREBIRD MARKETING, LLC'S CROSS-CLAIMS AGAINST DEFENDANT/CROSS-CLAIM DEFENDANT MIDCON GATHERING, LLC AND COUNTERCLAIMS AGAINST UMB BANK, N.A.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant/Cross-Claim Plaintiff Firebird Marketing, LLC ("Firebird") files its Cross-Claims against Defendant/Cross-Claim Defendant MidCon Gathering, LLC ("MidCon") and its Counterclaims against Plaintiff/Counterclaim Defendant UMB Bank, N.A. and would show the Court as follows:

## PARTIES

1.     Defendant/Cross-Claim and Counterclaim Plaintiff Firebird is a Delaware Limited Liability Company with its principal place of business located in Denver, Colorado.  It has answered, appeared, and may be served through its counsel of record, Carlos Soltero, Greg Sapire, and Astrid Fuentes of Maynard Nexsen.

2.     Plaintiff/Counterclaim Defendant UMB Bank, N.A filed this suit, has appeared for all purposes, and may be served through its counsel of record Jason P. Kathman and R. Scott Seifert of Spencer Fane LLP.

3.     Defendant/Cross-Claim Defendant MidCon is a Texas Limited Liability Company with its principal offices in Houston, Texas. MidCon has filed its Answer in the underlying Interpleader suit, and appeared for all purposes, and may be served through its counsel of record  in Lawrence J. Friedman, James R. Krause, and Elizabeth N. Hiles of Friedman & Feiger Firm.

4.     The other parties to this suit are identified by Plaintiff/Counterclaim Defendant UMB Bank, N.A in Paragraphs 3-9 and 11-19 of Plaintiff's First Amended Complaint (Dkt. No. 9).

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335(a) as the amount in controversy exceeds $500 and there are at least two defendants of diverse citizenship as identified in the underlying Interpleader action.

6.     The Court has ancillary and supplemental jurisdiction over these claims because the claims arise out of the same set of facts as the claims made by Interpleader Plaintiff.  28 U.S.C. § 1367.

7.     Alternatively, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.     Venue is proper in the Northern District of Texas – Dallas Division pursuant to 28 U.S.C. § 1397 and § 1391(b)(1), (c)(2), because the Interpleader action is pending in this District, and one or more of the defendants in the underlying Interpleader action are identified as residents of this district. Additionally, Cross-Claim Defendant MidCon is a resident of Texas.

**FACTS**

9.     Between October and December 2025, Firebird entered into crude oil purchase agreements with MidCon under which Firebird (the "Seller") would deliver crude oil to MidCon (the "Buyer") set to go into effect January 1, 2026. *See* **Exhibit 1**, Contracts FIR-2026-B-01.1, FIR-2026-B-01.2, FIR-2026-B-01.3, and Conoco General Provisions for Domestic Crude Oil Agreements (as amended), collectively the "Contracts".

10.    The Contracts provide in part that payment was due on or before the twentieth day of the month following delivery, absent an alternate agreement.

> J.    PAYMENT:    Unless a payment netting agreement is in place, payment shall be made by wire transfer in immediately available funds for the full amount due on or before the 20th of the month following the month of delivery. In the event that the payment date of the 20th falls on a Saturday or a banking holiday other than Monday, payment will be effective on the preceding business day. If the payment date falls on a Sunday or a Monday holiday, then payment will be effective on the next business day.

*See* **Exhibit 1**, Section J of Contracts FIR-2026-B-01.1, FIR-2026-B-01.2, and FIR-2026-B-01.3.

11.    Additionally, failure to make payment when due authorized Firebird to charge interest on the overdue amount. *See* **Exhibit 1**, p. 2 of Conoco General Provisions Domestic Crude Oil Agreements (as amended).

12.    Firebird delivered crude oil to MidCon throughout January 2026 as agreed upon.

13.    Firebird's statutory lien rights arose automatically upon production, delivery, and sale of

such crude oil and related production, including rights in identifiable proceeds thereof.

14. Firebird's statutory lien rights continued in and attached to all identifiable proceeds derived from the sale of such crude oil, including accounts, receivables, deposit accounts, and all funds thereafter deposited into MidCon's DDA and subsequently frozen, swept, foreclosed upon, controlled, or applied by UMB.

15. MidCon failed to remit payment due February 20, 2026, the contractual payment deadline under the crude oil purchase agreements.

16. The total amount due is $3,458,598.35 exclusive of lawful interest, attorneys' fees, costs of court and other damages.

17. Based upon UMB Bank N.A. ("UMB") and MidCon's filings in this case, by or around February 19-20, 2026, UMB seized MidCon's account ("DDA") and funds, some of which constituted the $3,458,598.35 owed to Firebird pursuant to the Contracts. Pl.'s First Am. Orig. Compl. for Interpleader ¶ 54, *UMB Bank, N.A. v. MidCon Gathering, LLC et al*, No. 3:26-cv-00592-N (N.D. Tex. Filed April 6, 2026), ECF 9.

18. UMB moved swiftly to foreclose and satisfy its debts from the DDA funds. *Id.* ¶¶ 57-58.

19. UMB filed this Interpleader Suit only after UMB fully repaid itself for the loans MidCon entered into with UMB. *Id.* ¶¶ 58-60.

20. Firebird did not authorize or otherwise consent to UMB taking control or possession of the $3,458,598.35 owed to Firebird contained within MidCon's account.

21. On or about February 24, 2026, Firebird further protected and perfected its preexisting statutory lien and proceeds rights by recording UCC financing statements and real-property-related filings relating to the extracted crude oil collateral, accounts, and proceeds underlying the Contracts.

22.    Firebird recorded a Financial Statement for Real Estate and UCC Filing/UCC-1A in Williams County, North Dakota pertaining to Contract FIR-2026-B-01.1. Firebird's perfected security interest, recorded as Instrument No. 935471, identified the extracted collateral, including accounts and proceeds, totaling $1,664,250.25. *See* **Exhibit 2**, Instrument No. 935471.

23.    Firebird also recorded a Financial Statement for Real Estate and UCC Filing/UCC-1A in Mountrail County, North Dakota pertaining to Contract FIR-2026-B-01.2. Firebird's perfected security interest, recorded as Instrument No. 470226, identified the extracted collateral, including accounts and proceeds, totaling $1, 794,348.10.  *See* **Exhibit 3**, Instrument No. 470226.

24.    The combined collateral value of both recorded perfected security interests is $3,458,598.35.

25.     On or about February 26, 2026, Firebird promptly provided written notice of default and demand notifying MidCon it was in breach of the Contracts and required payment in full of the due and owing amount of $3,458,598.35, by close of business on March 6, 2026. *See* **Exhibit 4**, the "Notice of Default and Demand for Payment."

26.    The amount demanded by Firebird from MidCon was the exact amount of the combined collateral value in both perfected security interests.

27.    MidCon did not remit payment by the requested date and remains in breach of its Contracts with Firebird to date.

28.    To date, UMB retains without authority the $3,458,598.35 owed to Firebird as part of the "Remaining Funds" it seized from MidCon's account.

## CAUSES OF ACTION

### Count I: Breach of Contract (Against MidCon)

29.    Firebird reasserts and incorporates by reference the allegations contained in the prior

paragraphs as if fully set forth herein.

30.    Firebird and MidCon entered into the valid Crude Oil Purchasing Agreements and incorporated Conoco General Provisions for Domestic Crude Oil Agreements (the "Contracts"). Firebird performed its duties under the Contracts.

31.    MidCon materially breached the Contracts by failing to remit payment by the due date identified in the Contracts.  MidCon further failed to remit payment by the deadline outlined in the Notice of Default and Demand for Payment communicated by Firebird.

32.    As a result of MidCon's breach of the Contracts, Firebird has suffered damages resulting in  the approximate amount of $3,458,598.35, exclusive of lawful interest, attorneys' fees, costs of court and other damages.

### Count II: Declaratory Judgment (Against All Parties)

33.    Firebird reasserts and incorporates by reference the allegations contained in the prior paragraphs as if fully set forth herein.

34.    There is an actual controversy as to rightful recipients and priority of recipients of the "Remaining Funds" in the underlying Interpleader Suit.

35.    Pursuant to Rule 57 of the Federal Rule of Civil Procedure and 28 U.S.C. §§ 2201–2202, Firebird seeks a declaratory judgment that its statutory liens and perfected security interests are valid, attached, perfected, enforceable, and superior over unsecured creditors and subsequent lienholders with respect to the "Remaining Funds" identified in the underlying Interpleader Suit.

36.    Firebird further seeks declarations that any security interest, setoff right, or loan repayment claimed by UMB is subordinate to Firebird's perfected security interests and statutory lien rights to the extent UMB received or applied identifiable proceeds subject to Firebird's claims.

37.    Firebird seeks declarations for tracing identifiable proceeds into all accounts frozen,

controlled, swept, or otherwise applied by UMB.

38.    Firebird further seeks declaration it is entitled to recover $3,458,598.35 from the "Remaining Funds" seized by UMB.

### Count III: Unjust Enrichment and Restitution/Money Had and Received
### (Against UMB Bank, N.A., MidCon, and Possibly Other Parties)

39.    Firebird reasserts and incorporates by reference the allegations contained in the prior paragraphs as if fully set forth herein.

40.    UMB Bank and MidCon have been unjustly enriched.  MidCon by obtaining the benefits of Firebird's minerals and corresponding economic benefits and UMB Bank by retaining and applying proceeds subject to Firebird's superior interests from MidCon's account.

41.    MidCon has wrongfully exercised dominion and control over Firebird's minerals and corresponding economic benefits and UMB wrongfully exercised dominion and control over proceeds subject to Firebird's perfected security interests and statutory lien rights by freezing, sweeping, setting off, foreclosing upon, and/or applying such proceeds to MidCon's indebtedness.

42.    UMB admits it applied funds from MidCon's account to fully repay loans from UMB.

43.    In equity and good conscience, UMB should not be permitted to retain any such funds that belong to Firebird and MidCon should be required to pay for what it received in full.

44.    Firebird seeks to be made whole, including damages and/or restitution and disgorgement of all such sums, together with prejudgment and post-judgment interest, and all other equitable relief to which it is entitled.

45.    Alternatively, and to the extent MidCon receives any of the "Remaining Funds" that are traceable to any of the Contracts, MidCon would be unjustly enriched by retaining those proceeds.

46.    Firebird seeks restitution and disgorgement of all such sums, together with prejudgment and post-judgment interest, and all other equitable relief to which it is entitled.

**Count IV: Conversion (Against UMB Bank, N.A. and Possibly Other Parties)**

47.     Firebird reasserts and incorporates by reference the allegations contained in the prior paragraphs as if fully set forth herein.

48.     UMB Bank improperly availed itself of funds MidCon had with UMB despite Firebird's preferential and superior position as a lienholder as provided by Chapter 67 of the Texas Property Code and other law.  By so doing, UMB has converted discreet trust funds.

49.     Firebird seeks to be made whole, including damages for the conversion, together with prejudgment and post-judgment interest, and all other equitable relief to which it is entitled.

**Count V: Tortious Interference with Contract and Lien Rights
(Against UMB Bank, N.A. and Possibly Other Parties)**

50.     Firebird reasserts and incorporates by reference the allegations contained in the prior paragraphs as if fully set forth herein.

51.     UMB Bank improperly availed itself of funds MidCon had with UMB despite Firebird's preferential and superior position as a lienholder as provided by Chapter 67 of the Texas Property Code and other law.  By so doing, UMB has tortiously interfered with the Contracts that Firebird has with MidCon described in this complaint.

52.     UMB's tortious interference has proximately caused damages to Firebird for which it seeks relief in this suit together with prejudgment and post-judgment interest, and all other equitable relief to which it is entitled.

**ATTORNEYS' FEES**

53.     Firebird seeks recovery of its reasonable and necessary attorneys' fees and costs incurred by or on behalf of Firebird herein, including without limitation all of its reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38 and other applicable law.

## REQUEST FOR RELIEF

54.    For these reasons, Firebird Marketing, LLC respectfully requests that the Court enter judgment in its favor and grant the following relief:

    a.    On the breach of contract claim against MidCon, an award of actual damages of $3,458,598.35, plus contractual interest.

55.    Alternatively, and/or in addition to the extent not a double recovery of the foregoing, a judgment declaring:

    a.    Firebird's statutory liens and perfected security interests are valid, attached, perfected, enforceable, and superior over unsecured creditors and subsequent lienholders with respect to the "Remaining Funds" identified in the underlying Interpleader Suit;

    b.    Security interest, setoff right, or loan repayment claimed by UMB is subordinate to Firebird's perfected security interests and statutory lien rights to the extent UMB received or applied identifiable proceeds subject to Firebird's claims;

    c.    Authorizing tracing of identifiable Firebird proceeds into all accounts frozen, controlled, swept, or otherwise applied by UMB;

    d.    Firebird is entitled to recover $3,458,598.35 from the "Remaining Funds" seized by UMB.

56.    Alternatively, and/or in addition to the extent not a double recovery of the foregoing, all of Firebird's damages caused by the tortious and other improper conduct of MidCon and UMB;

57.    The maximum lawful amount of lawful interest whether under the law generally or under Contracts;

58.    Recovery of Firebird's reasonable and necessary attorneys' fees and costs; and

59.    All other and further relief at law or in equity to which it may be justly entitled.

May 18, 2026                                    Respectfully,

**MAYNARD NEXSEN, PC**

*/s/ Carlos R. Soltero*
Carlos R. Soltero
Texas State Bar No. 00791702
csoltero@maynardnexsen.com
Gregory P. Sapire
Texas State Bar No. 00791601
gsapire@maynardnexsen.com
2500 Bee Caves Road,
Building One Suite 150
Austin, Texas 78746
(512) 422-1559 Telephone
(512) 359-7996 Facsimile

Astrid E. Fuentes
State Bar No. 24138300
afuentes@maynardnexsen.com
MAYNARD NEXSEN, PC
5949 Sherry Lane, Ste. 1200
Dallas, Texas 75225
(214) 239-2352 Telephone
(214) 239-2377 Facsimile

**ATTORNEYS FOR DEFENDANT
FIREBIRD MARKETING, LLC.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, a copy of the above and foregoing has been served on all counsel of record by ECF filing.

*/s/ Carlos R. Soltero*
Carlos R. Soltero