**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UMB BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:26-cv-00592-N |
| | ) | |
| MIDCON GATHERING, LLC; | ) | |
| HAWKEYE EXPLORATION & | ) | |
| PRODUCTION, LLC; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ADDITIONAL INDIVIDUALS OR | ) | |
| ENTITIES, BOTH KNOWN | ) | |
| AND UNKNOWN, THAT CLAIM AN | ) | |
| INTEREST IN THE FUNDS | ) | |
| (THE "UNKNOWN DEFENDANTS"), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO DEPOSIT FUNDS AND POST BOND**

COMES NOW, Plaintiff UMB Bank, n.a. ("**UMB**") and files this Motion to Deposit Funds and Post Bond (the "**Motion**") and in support of the Motion, would respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff UMB currently has in its possession funds that it concedes are subject to dispute and should be interplead (the "**Remaining Funds**"), and funds that other parties have alleged are also subject to dispute (the "**UMB Recovery Funds**," and collectively with the Remaing Funds, the "**Disputed Funds**"). Although the request to deposit the UMB Recovery Funds is akin to a prejudgment attachment, UMB is cognizant of the law underlying statutory interpleader actions. Instead of belaboring the point, and arguing the merits of whether UMB should have to also deposit or bond the UMB Recovery Funds, UMB files this Motion seeking an

1

order from the Court authorizing it to deposit Cash in the registry of the Court in the amount of the Remaining Funds, and posting a bond for the amount of the UMB Recovery Funds, such that the entirety of the Disputed Funds will be either deposited or bonded.

2.      Thereafter, upon UMB's compliance with the Court's order, the jurisdictional issues raised by MidCon and Sabalo will be addressed, thereby mooting the pending motions to dismiss.

## PROCEDURAL BACKGROUND

3.      On February 23, 2026, UMB filed its original Interpleader Complaint in this Court naming 107 defendants as having a potential interest in the funds at issue.[1]

4.      On April 6, 2026, UMB filed its Amended Complaint, removing as parties the previously named Defendants that no longer had an interest in the disputed funds.[2]

5.      While UMB maintains that its readiness to deposit funds satisfies the jurisdictional requirement under 28 U.S.C. § 1335, Defendants MidCon and Hawkeye Exploration & Production, LLC (together "**MidCon**") and Defendant Sabalo II Energy, LLC ("**Sabalo**") have moved to dismiss the Amended Complaint on the grounds that the Court does not have jurisdiction because the Disputed Funds have not been deposited in the court.[3]

6.      No party has alleged that the Amended Complaint does not otherwise meet the jurisdictional requirements set forth in 28 U.S.C. § 1335 (that the value of the interpleaded property is over $500 and that two or more of the adverse claimants are of diverse citizenship).

---

[1] *See* Original Complaint [Docket No. 1].
[2] Docket No. 14.
[3] Docket Nos. 13 and 38, respectively.

7. Accordingly, Plaintiff brings this Motion to deposit **$12,340,084.33**[4] into the Court's registry and post a bond for **$15,655,763.05**, which together equals the full disputed amount at issue: **$27,995,847.38**.

## FACTUAL BACKGROUND

8. This interpleader arises from the internal collapse of MidCon, an independent energy infrastructure and marketing company, following warring ownership factions and breaches of financial covenants that necessitated UMB declaring default on MidCon's loans.

9. In November 2024, UMB and MidCon entered into a series of loan agreements.[5]

10. As part of its financial relationship with UMB, MidCon maintained a Demand Deposit Account with UMB ending in 8791 (the "**DDA**").

11. Pursuant to the Deposit Account Agreement that governs the DDA, UMB has a security interest in the DDA.

12. MidCon used the DDA to both collect payments from account debtors and disperse payments to its creditors.

13. Over the past several years, and prior to UMB's financial relationship with MidCon, MidCon experienced internal turmoil and ownership disputes leading to financial instability.

14. As outlined further in the Amended Complaint, in January and February of 2026, UMB notified MidCon of certain events of defaults under the loan agreements. Thereafter, UMB froze the DDA and sent account debtor letters to various MidCon customers pursuant to UCC 9-406. As of February 20, 2026, UMB had received $11,579,223.83 (the "**Account Debtor Funds**")

---

[4] After the filing of this case, additional amounts were deposited into the DDA, and a small number of checks cleared from the account, such that the amount remaining in the DDA is presently, $12,340,084.33.
[5] *See generally*, ECF No. 9, Amended Complaint, ¶¶ 25-34.

pursuant to the account debtor letters, which UMB foreclosed upon. On February 23, 2026, UMB foreclosed is security interest in the DDA Account in the amount of $4,076,539.22 (the "**Foreclosed DDA Amounts**," and together with the Account Debtor Funds, the "**UMB Recovery Funds**"). After foreclosing on the DDA, there was $11,941,079.43 in the DDA; however, as explained above, since that date, additional amounts have been deposited and a small number of checks have cleared, leaving a balance in the DDA of $12,340,084.33 (the "**Remaining Funds**," and together with the UMB Recovery Funds, the "**Disputed Funds**").

## ARGUMENT

15. Since the freezing of the DDA and the mailing of the account debtor letters, UMB has received and continues to receive inquiries and demand for payment from various parties asserting priority in payment with respect to MidCon.

16. Being at a significant information disadvantage and unable to determine whether and to what extent third parties have viable claims to the disputed funds, and pursuant to applicable law and the rights set forth in the Deposit Account Agreement, the DDA remains frozen.

17. UMB promptly brought this interpleader action on February 23, 2026 to determine the interests in the disputed funds.[6]

18. After the filing of the interpleader Complaint, MidCon stated that it had satisfied payment obligations to 92 of the 107 parties listed in the initial complaint. UMB relied upon MidCon and MidCon's counsel's representations in amending the complaint to include only the remaining unpaid parties. But even with this representation, UMB is at a significant information disadvantage and cannot determine whether and to what extent the unpaid parties have or may have viable claims to the disputed amounts.

---

[6] Docket No. 1.

19. Further, UMB believes that certain parties may have greater priority in payment than other creditors with respect to those disputed amounts, including those parties asserting first purchaser lien rights.

20. In this Court's discretion, and pursuant to 28 U.S.C. 1335 and Rule 67, this Court can order that the amounts be deposited and/or bonded where interpleader is proper. *See Jones v. Prescott*, 702 F. App'x 205, 208 (5th Cir. 2017) ("Pursuant to Rule 67 of the Federal Rules of Civil Procedure, a party may deposit a sum of money with the court. Once funds are deposited, the court should determine ownership and make disbursements."); *In re Craig's Stores of Texas, Inc.*, 402 F.3d 522, 524 (5th Cir. 2005); *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990) ("Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the district court.").

21. Here, the interpleader is proper because there are multiple, competing claims to the Disputed Funds that UMB cannot equitably determine on its own.

22. Accordingly, UMB respectfully requests leave of the court and entry of an order, pursuant to Federal Rule of Civil Procedure 67 and 28 U.S.C. § 1335, authorizing it to deposit **$12,340,084.33** into the Court's registry and post a bond for **$15,655,763.05.**

## RELIEF REQUESTED

**WHEREFORE**, UMB respectfully requests that this Court enter an order granting this Motion and:

A. Authorizing UMB to deposit **$12,340,084.33** of the Remaining Funds into the Court's registry within fifteen (15) days of the Court's order, with such funds to be held pending determination of this interpleader action;

B.      Authorizing UMB to post a bond in the amount of **$15,655,763.05** within thirty (30) days of the Court's order;

C.      Entering an Order in the form attached as **Exhibit A** authorizing the deposit of those funds and approving the bond in the form attached as **Exhibit 1** to Exhibit A; and,

D.      Granting any other and further relief as this Court deems just and proper.

Dated: May 26, 2026.

Respectfully submitted,

By:      */s/ Jason P. Kathman*
Jason P. Kathman
Texas Bar No. 24070036)
jkathman@spencerfane.com
R. Scott Seifert
Texas Bar No. 24003860
sseifert@spencerfane.com
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Facsimile

**ATTORNEYS FOR PLAINTIFF
UMB BANK, N.A.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on May 22, 2026, the undersigned counsel conferred with Earnest Leonard, counsel for MidCon and Hawkeye, about the relief requested herein, and Mr. Leonard communicated he is not opposed. The undersigned counsel also communicated with Robert Woods, counsel for Sabalo, who requested a copy of the motion, which the undersigned sent. As of the filing of this Motion, Sabalo has not communicated a position on the relief requested herein.

*/s/ Jason P. Kathman*
Jason P. Kathman

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on May 26, 2026 a true and correct copy of the attached pleading was served upon the counsel listed below and upon all parties receiving notice via the Court's electronic transmission facilities.

*/s/ Jason P. Kathman*
Jason P. Kathman