**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UMB BANK, N.A., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:26-cv-00592-N** |
| | ) | |
| MIDCON GATHERING, LLC; | ) | |
| HAWKEYE EXPLORATION & | ) | |
| PRODUCTION, LLC; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ADDITIONAL INDIVIDUALS OR | ) | |
| ENTITIES, BOTH KNOWN | ) | |
| AND UNKNOWN, THAT CLAIM AN | ) | |
| INTEREST IN THE FUNDS | ) | |
| (THE "UNKNOWN DEFENDANTS"), | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT SABALO II ENERGY, LLC'S
MOTION TO DISMISS**

Plaintiff UMB Bank, N.A. ("**UMB**") files this Opposition to the Motion to Dismiss (the "Motion") filed by Defendant Sabalo II Energy, LLC ("**Sabalo**") and states as follows:

**INTRODUCTION**

1.      Defendants MidCon Gathering, LLC and Hawkeye Exploration & Production, LLC (together the "**MidCon Defendants**") placed UMB in the untenable position of navigating warring ownership factions, conflicting claims to accounts, and borrowing defaults.

2.      Based on the information provided by MidCon Defendants, UMB understood itself to have priority interests in the relevant accounts and thus exercised its contractual rights to apply funds in those accounts to repay loans owed by MidCon to UMB.

1

3.    Faced with multiple claimants to the remaining funds, UMB filed this interpleader action pursuant to 28 U.S.C. § 1335. UMB sought leave from this Court to deposit those funds with the Court so that they could be equitably distributed among the various claimants. Indeed, the whole purpose of UMB's Complaint is to obtain "an order authorizing and directing UMB to pay the Remaining Funds into the registry of the court". Complaint [Docket No. 9], p. 15, ¶ b.

4.    Although UMB had not yet deposited the funds at issue at the time of Sabalo's Motion, dismissal is inappropriate. As Sabalo acknowledges, the clear precedent in this circuit is to allow UMB the opportunity to deposit funds to cure the alleged jurisdictional defect.

5.    Further, since the filing of the Motion, UMB filed the Motion to Deposit Funds and Post Bond [Docket No. 47], requesting that the Court enter an order allowing UMB to deposit **$12,340,084.33** into the Court's registry and post a bond in the amount of **$15,655,763.05,** which together equals: **$27,995,847.38**.[1]

6.    Because there is no question that the parties to the interpleader are minimally diverse, more than $500 is at issue, and UMB has moved to cure the jurisdictional issues raised in the Motion, the Court should deny the Motion and allow the interpleader to proceed.

---

[1] Plaintiff UMB currently has in its possession funds that it concedes are subject to dispute and should be interplead (the "**Remaining Funds**"), and funds that other parties have alleged are also subject to dispute (the "**UMB Recovery Funds**," and collectively with the Remaining Funds, the "**Disputed Funds**"). UMB's position is that the MidCon Defendants' subsequent and untimely request that UMB also deposit the UMB Recovery Funds is an improper prejudgment attachment. UMB reserves all rights and remedies with respect to the UMB Recovery Funds and does not waive its opposition and defenses to any other parties' claims to said funds. That said, instead of belaboring the point and incurring additional attorney fees at this stage to  argue the merits of whether UMB should have to also deposit or bond the UMB Recovery Funds, UMB filed the Motion to Deposit Funds and Post Bond, seeking an order from the Court authorizing it to deposit Cash in the registry of the Court in the amount of the Remaining Funds, and posting a bond for the amount of the UMB Recovery Funds, such that the entirety of the Disputed Funds will be either deposited or bonded. If granted, the entirety of the Disputed Amounts would be either deposited or bonded, and the jurisdictional issues raised by this Motion and the MidCon Defendants' Motion to Dismiss would be mooted.

## ARGUMENT

### I.   UMB Can Immediately Cure any Jurisdictional Deficiency.

7.   UMB does not dispute that 28 U.S.C. § 1335 requires that 1) the money or value of the property to be over $500; 2) two or more of the adverse claimants be of diverse citizenship; and 3) Plaintiff deposit the disputed amount with the Court or post a bond for such amount.

8.   In its Amended Complaint, UMB clearly articulated its intent and readiness to deposit the Remaining Funds and believed such statement satisfied the jurisdictional requirements. *See Massachusetts Mut. Life Ins. Co. v. Ertle*, No. 1:25-CV-351 (PTG/WEF), 2025 WL 1921430, at *1 (E.D. Va. July 10, 2025) ("In the instant case, the Court finds that it has jurisdiction under 28 U.S.C. § 1335. The parties are minimally diverse . . . The value of the policy proceeds, or the amount in controversy, exceeds $500. . . [and] Finally, ***Plaintiff has indicated its readiness to deposit the amount in dispute with the Court***." (emphasis added) (citing *Perlman v. Fid. Brokerage Servs. LLC*, 932 F. Supp. 2d 397, 415 (E.D.N.Y. 2013) (holding that an interpleader plaintiff's request to deposit the funds with the court satisfies § 1335))).

9.   Even so, UMB has now reaffirmed its intentions to immediately deposit and bond the Disputed Funds, not just the Remaining Funds. This cures any jurisdictional defect alleged by Sabalo and requires denial of the Motion. *Citadel Recovery Servs., LLC v. T.J. Sutton Enters., LLC*, No. CV 22-914, 2023 WL 3034823, at *7 (E.D. La. Jan. 17, 2023) ("Holding in line with this principle and persuasive precedent, this Court . . . will not dismiss this action without providing Citadel the opportunity to cure this defect by making an additional deposit [or posting of bond] with the court registry." (internal citations omitted)); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Succession of Scott*, No. CIV.A. 08-0819, 2010 WL 4068917, at *4 (W.D. La. Oct. 14, 2010) ("[A]lthough the record reflects that Lincoln General neither deposited the policy funds in question into the registry of the court nor entered into an appropriate bond in lieu thereof, as required by

§ 1335(a)(2), this is a jurisdictional defect that a stakeholder may easily cure and is therefore insufficient to defeat an otherwise appropriate statutory interpleader action.").

10.     Other courts agree that the proper remedy for an alleged jurisdictional deficiency based on lack of deposited funds is to allow the party the opportunity to cure, rather than dismissing the action. *See also One Gas, Inc. v. J.P. Pipeline Constr. Inc.*, No. CV 18-2061-KHV, 2018 WL 4222411, at *2 (D. Kan. July 18, 2018) ("Nevertheless, "failure to make an immediate deposit of the correct amount is not fatal to the statutory interpleader action; courts readily allow the stakeholder to cure the defect by depositing the appropriate stake or procuring a sufficient bond within a reasonable time.") (collecting cases); *Acuity v. Rex, LLC*, 296 F. Supp. 3d 1105, 1109 (E.D. Mo. 2017), *aff'd*, 929 F.3d 995 (8th Cir. 2019) ("However, rather than dismiss this lawsuit, the Court will give Acuity an opportunity to post the appropriate amount of $21 million.") (collecting cases).

11.     Here, the jurisdictional arguments raised in the Motion would be fully addressed by the granting of UMB's Motion to Deposit Funds and Post Bond.

## II.     This Interpleader is the Best Mechanism to Address Priority to the Disputed Funds.

12.     Sabalo suggests, without citation, that UMB's interpleader action should be dismissed because it could prevent other actions, including Sabalo's state court action, from proceeding.

13.     There is no dispute, however, that there are multiple claimants to the Disputed Funds and that UMB is at an informational disadvantage in determining priority to those amounts. An interpleader action, designed for this very scenario, is the best mechanism through which to address the competing claims to the Disputed Funds.

14.     Sabalo's concerns are further unfounded because while injunctive relief should be granted in statutory interpleader actions to prevent competing claims regarding the same funds at issue in the interpleader,[2] that question is not presently before the Court. *See* Mot. at p. 3 and § II.

15.     Far from seeking to weaponize interpleader, UMB seeks the Court's assistance in determining the equitable distribution of the Disputed Funds. In this action, the Court can craft such injunctive relief as it determines is appropriate to serve that purpose.

16.     The Motion should be dismissed because all claims raised therein can be addressed by granting  the Motion to Deposit Funds and Post Bond. This interpleader is in the best interest of all parties involved and should be allowed to proceed to the merits.

## CONCLUSION

17.     As set forth above, UMB welcomes and anticipates an order by this Court on the Motion to Deposit Funds and Post Bond, which would address the issues raised in this Motion.

Dated: June 8, 2026.                    Respectfully submitted,

By:    /s/ *Jason P. Kathman*
       Jason P. Kathman
       Texas Bar No. 24070036
       jkathman@spencerfane.com
       R. Scott Seifert
       Texas Bar No. 24003860
       sseifert@spencerfane.com
       **SPENCER FANE LLP**
       5700 Granite Parkway, Suite 650
       Plano, Texas 75024
       Telephone:  (972) 324-0300
       Facsimile:   (972) 324-0301
       **ATTORNEYS FOR PLAINTIFF /
       COUNTERCLAIM DEFENDANT UMB
       BANK, N.A.**

---

[2] In a statutory interpleader action, "28 U.S.C. § 2361 authorizes the Court to restrain all claimants 'from instituting or prosecuting any proceeding . . . affecting the property . . . involved in the interpleader action until further order of the court.'" *Allstate Assurance Co. v. Benton*, No. 3:21-CV-3124-K-BN, 2024 WL 4546746, at *5 (N.D. Tex. Oct. 7, 2024), *R & R adopted*, No. 3:21-CV-3124-K-BN, 2024 WL 4544116 (N.D. Tex. Oct. 22, 2024) (*citing Gray Cas. & Sur. Co. v. Gold Standard Moving & Storage LLC*, 652 F. Supp. 3d 734 (N.D. Tex. 2023)).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 8, 2026, a true and correct copy of the attached pleading was served upon the counsel listed below and upon all parties receiving notice via the Court's electronic transmission facilities.

Timothy S. McConn
Email: tmccon@yettercoleman.com

*/s/ Jason P. Kathman*
Jason P. Kathman