UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UMB BANK, N.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:26-cv-00592-N |
| | § | |
| MIDCON GATHERING, LLC, | § | |
| HAWKEYE EXPLORATION & | § | |
| PRODUCTION, LLC, | § | |
| | § | |
| and | § | |
| | § | |
| ADDITIONAL INDIVIDUALS OR | § | |
| ENTITIES, BOTH KNOWN | § | |
| AND UNKNOWN, THAT CLAIM AN | § | |
| INTEREST IN THE FUNDS | § | |
| (THE "UNKNOWN DEFENDANTS"), | § | |
| | § | |
| *Defendants.* | § | |

DEFENDANT/CROSS DEFENDANT MIDCON
GATHERING, LLC'S ANSWER TO DEFENDANT/CROSS-PLAINTIFF
FIREBIRD MARKETING, LLC'S CROSS-CLAIM

COMES NOW, Defendant MidCon Gathering LLC ("MidCon") and files this its Answer

to Firebird Marketing, LLC's ("Firebird") cross-claim (the "Cross-Claim") and in support thereof,

would show unto the Court, as follows:

**I.**

**ANSWER**

**FACTS**

1.      MidCon is without knowledge sufficient to either admit or deny the allegations

contained in paragraph 1 of the Cross-Claim.

2.      MidCon admits the allegations in paragraph 2 of the Cross-Claim.

3.      MidCon admits the allegations in paragraph 3 of the Cross-Claim except that Mid-Con should be served through lead counsel Ernest W. Leonard.

4.      MidCon admits the allegations in paragraph 4 of the Cross-Claim.

5.      MidCon denies the allegations in paragraph 5 of the Cross-Claim; this Court lacks jurisdiction because plaintiff UMB Bank, N.A. ("UMB") has failed to deposit the full disputed funds into the registry of the Court.

6.      MidCon denies the allegations in paragraph 6 of the Cross-Claim because this Court lacks jurisdiction over the primary interpleader claim.

7.      With respect to the allegations contained in paragraph 7 of the Cross-Claim, MidCon admits only that this Court would have jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) if Firebird's claims against UMB and MidCon had been brought as a stand alone lawsuit.

8.      With respect to the allegations in paragraph 8 of the Cross-Claim, MidCon admits only that venue would be proper in this Court had this Court jurisdiction over this dispute.

9.      MidCon admits the allegations in paragraph 9 of the Cross-Claim.

10.     MidCon admits the allegations in paragraph 10 of the Cross-Claim.

11.     MidCon admits the allegations in paragraph 11 of the Cross-Claim.

12.     MidCon admits the allegations in paragraph 12 of the Cross-Claim.

13.     MidCon admits the allegations in paragraph 13 of the Cross-Claim.

14.     MidCon admits the allegations in paragraph 14 of the Cross-Claim.

15.     With respect to the allegations in paragraph 15 of the Cross-Claim, MidCon admits only that it failed to remit payment because UMB wrongfully took possession of the funds encumbered by Firebird's statutory lien.

16.     MidCon admits the allegations in paragraph 16 of the Cross-Claim.

17.     With respect to the allegations in paragraph 17 of the Cross-Claim, MidCon admits only that Firebird has accurately described the allegations in UMB's complaint.

18.     With respect to the allegations in paragraph 18 of the Cross-Claim, MidCon admits only that Firebird has accurately described the allegations in UMB's complaint.

19.     With respect to the allegations in paragraph 19 of the Cross-Claim, MidCon admits only that Firebird has accurately described the allegations in UMB's complaint.

20.     MidCon is without knowledge sufficient to either admit or deny the allegations contained in paragraph 20 of the Cross-Claim, but believes the allegations to be correct.

21.     MidCon is without knowledge sufficient to either admit or deny the allegations contained in paragraph 21 of the Cross-Claim.

22.     MidCon is without knowledge sufficient to either admit or deny the allegations contained in paragraph 22 of the Cross-Claim.

23.     MidCon is without knowledge sufficient to either admit or deny the allegations contained in paragraph 23 of the Cross-Claim.

24.     MidCon is without knowledge sufficient to either admit or deny the allegations contained in paragraph 24 of the Cross-Claim.

25.     MidCon admits the allegations in paragraph 25 of the Cross-Claim.

26.     MidCon is without knowledge sufficient to either admit or deny the allegations contained in paragraph 26 of the Cross-Claim.

27.     With respect to the allegations in paragraph 27 of the Cross-Claim, MidCon admits only that it failed to remit payment because UMB wrongfully took possession of the funds encumbered by Firebird's statutory lien.

28.     MidCon admits the allegations in paragraph 28 of the Cross-Claim.

## CAUSES OF ACTION

### Count I: Breach of Contract (Against MidCon)

29.     Paragraph 29 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required; MidCon adopts by reference its answers to the "prior paragraphs."

30.     MidCon admits the allegations in paragraph 30 of the Cross-Claim.

31.     With respect to the allegations in paragraph 31 of the Cross-Claim, MidCon admits only that it failed to remit payment because UMB wrongfully took possession of the funds encumbered by Firebird's statutory lien and any breach was the direct result of UMB's wrongful actions.

32.     With respect to the allegations in paragraph 32 of the Cross-Claim, MidCon admits only that Firebird is owed the sum stated and any breach was the direct result of UMB's wrongful actions.

### Count II: Declaratory Judgment (Against All Parties)

33.     Paragraph 33 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required; MidCon adopts by reference its answers to the "prior paragraphs."

34.     With respect to the allegations in paragraph 34 of the Cross-Claim, MidCon admits only that there is an actual controversy, but denies that this Court has jurisdiction over this action due to UMB's failure to deposit the full disputed amount into the registry of the Court.

35.     Paragraph 35 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

36.     Paragraph 36 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

37.     Paragraph 37 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

38.     Paragraph 38 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

## Count III: Unjust Enrichment and Restitution/Money Had and Received
### (Against UMB Bank, N.A., MidCon, and Possibly Other Parties)

39.     Paragraph 39 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required; MidCon adopts by reference its answers to the "prior paragraphs."

40.     MidCon denies the allegations in paragraph 40 of the Cross-Claim as to itself and admits the allegations as to UMB.

41.     MidCon denies the allegations in paragraph 41 of the Cross-Claim as to itself and admits the allegations as to UMB.

42.     MidCon admits the allegations in paragraph 42 of the Cross-Claim.

43.     MidCon denies the allegations in paragraph 43 of the Cross-Claim as to itself in that it does not have the funds encumbered by Firebird's statutory lien. MidCon admits the allegations as to UMB.

44.     Paragraph 44 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

45.     With respect to the allegations in paragraph 45 of the Cross-Claim, MidCon admits only that if it receives the funds encumbered by Firebird's statutory lien back from UMB it should and would transfer such funds to Firebird.

46.     Paragraph 46 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

### Count IV: Conversion (Against UMB Bank, N.A. and Possibly Other Parties)

47.     Paragraph 47 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required; MidCon adopts by reference its answers to the "prior paragraphs."

48.     MidCon admits the allegations in paragraph 48 of the Cross-Claim.

49.     Paragraph 49 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

### Count V: Tortious Interference with Contract and Lien Rights (Against UMB Bank, N.A. and Possibly Other Parties)

50.     Paragraph 50 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required; MidCon adopts by reference its answers to the "prior paragraphs."

51.     MidCon admits the allegations in paragraph 51 of the Cross-Claim.

52.     Paragraph 52 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

### ATTORNEYS' FEES

53.     Paragraph 53 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

**REQUEST FOR RELIEF**

54.    Paragraph 54 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

55.    Paragraph 55 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

56.    Paragraph 56 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

57.    Paragraph 57 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

58.    Paragraph 58 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

59.    Paragraph 59 of the Cross-Claim does not require an allegation of fact for which either an admission or denial is required but is only a statement of the relief sought by Firebird.

**II.**

**AFFIRMATIVE DEFENSE**

1.    As an affirmative defense, MidCon states that all damages suffered by Firdbird as a result of the causes of action asserted against MidCon are the sole and direct result of the wrongful and tortious conduct of UMB.

**WHEREFORE, PREMISES CONSIDERED,** Defendant MidCon Gathering, LLC respectfully prays that Firebird Marketing, LLC take nothing by way of its Cross-Claim against MidCon Gathering, LLC and for all such other and further relief as this Court deems just and proper.

Dated: June 8, 2026

Respectfully submitted,

*/s/ Ernest W. Leonard*
Ernest W. Leonard
State Bar No. 12208750
eleonard@fflawoffice.com
FRIEDMAN & FEIGER, L.L.P.
17304 Preston Road, Suite 300
Dallas, Texas 75252
(972) 788-1400 (Telephone)
(972) 788-2667 (Facsimile)

**ATTORNEYS FOR HAWKEYE
EXPLORATION & PRODUCTION, LLC,
AND MIDCON GATHERING, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this is being served by the ECF system of notice, via electronic mail on this the 8th day of June 2026, in accordance with the Federal Rules of Civil Procedure

*/s/ Ernest Leonard*